GEORGE HAW & COMPANY, Appellants, v. AMERICAN WIRE NAIL COMPANY, Appellees.

Contracts: STATUTE OF FRAUDS: PLEADING: EVIDENCE.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

SATURDAY, OCTOBER 14, 1893.

ACTION to recover for an alleged breach of a contract to deliver two thousand kegs of wire nails. The defendant denied that the plaintiff made any contract with the defendant for the purchase of nails. There was a trial by jury. At the close of the introduction of the evidence, the defendant presented a motion requesting the court to instruct the jury to return a verdict for the defendant. The motion was sustained, a verdict for the defendant was returned, and judgment was rendered against the the plaintiffs for costs. The plaintiffs appeal.—*Affirmed.*

*Wright, Hubbard & Yeomans,* for appellants.

*Taylor, Shull & Farnsworth,* for appellee.

ROTHROCK, J.—I. The plaintiffs' claimed that the contract under which they claimed the right to recover was in writing. The defendant denied this averment, and the question made by the pleadings was whether there was a written contract. It is conceded that no payment was made by the plaintiffs to the defendant, and no nails were delivered, and, under section 3664 of the Code, commonly known as the "Statute of Frauds," it was incumbent on the plaintiffs to show by written evidence that a contract was made, as claimed. The only question in the case is whether, upon a fair consideration of all the competent evidence, the direction to the jury to return a verdict for the defendant was erroneous. It is true that counsel for the appellant give some atten-

tion in their argument as to whether the contract as shown by the evidence ought not to be regarded as within the exception contained in section 3665 of the Code, by which parol evidence is admissible to establish a contract of purchase "when articles of personal property sold, are not at the time of the contract owned by the vendor and ready for delivery; but labor, skill or money are necessarily to be expended in producing or procuring the same." It is a sufficient answer to this line of argument to say that a contract within the exception was not in issue between the parties, and the evidence in the case was not directed to such a contract. The action, by the averments of the petition, was upon a written contract alone, without exception or qualification.

II. In sustaining the motion to direct a verdict, the court made its ruling in the following words: "In order to sustain the action for the plaintiff, it is necessary for him to prove that the contract was wholly in writing. Our statute provides that a contract in such case as this should be wholly in writing. Now it appears that the plaintiff gave an order to his agent at Pittsburg (McLean) to buy these nails, in writing, but there is no evidence, according to the court's understanding, no evidence in writing, no evidence of any kind, in fact, showing that any order was made by McLean in writing upon the defendant for these nails; and therefore I think the evidence does not show that the contract was in writing, and for that reason there is no evidence sustaining the action of plaintiff, and the jury ought to be instructed, for that reason, to return a verdict for the defendant, and that is the instruction of the court." There is a large mass of evidence, in the form of correspondence between the parties, in reference to the alleged contract. There is also evidence that the plaintiffs' agent, McLean, made an order for nails upon a partnership under the name of Clement, Biddle & Co., and that this firm made an order on the defendant for nails, and that the plaintiffs were to receive part of that order. There is further evidence that Clement, Biddle & Co. withdrew and canceled the order; so that it fairly appears that the defendant never had nor accepted any written order from the plaintiffs for nails. As we have said, there is a large mass of correspondence between the parties. We do not set out this evidence. It is unnecessary to do so. No case like this will ever present the same facts. We have carefully examined and considered the evidence, and are satisfied that, if the court had submitted the case to the jury, and a verdict had been found for the plaintiffs, it would have been the duty of the court to set the verdict aside, and that the direction to render a verdict for the defendant was correct.

The judgment of the district court is AFFIRMED.